IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN L. B., <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, Commissioner of Social Security, <br><br> Defendant. | NO. SACV 24-0570-AGR <br><br> **MEMORANDUM OPINION AND ORDER** |

Plaintiff[1] filed this action on March 18, 2024. The parties filed briefs on the disputed issues. The court has taken the matter under submission without oral argument.[2]

---

[1] Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 6, 7.)

1

Having reviewed the entire file, the court reverses the decision of the Commissioner and remands this matter for further proceedings consistent with this opinion.

## I.

## PROCEDURAL HISTORY

On February 23, 2017, Plaintiff filed an application for disability insurance benefits and alleged an onset date of September 10, 2012. Administrative Record ("AR") 25. The application was denied initially and upon reconsideration. AR 25, 89, 107-08. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ issued a decision denying benefits on January 9, 2020. AR 22-39. The Appeals Council denied review on July 20, 2020. AR 11-15. Plaintiff filed an action in the Central District of California. Upon stipulation of the parties, this Court entered judgment for Plaintiff and remanded the case to the Commissioner. AR 3944-47. The Appeals Council remanded the matter to an ALJ. AR 3934-37.

On remand, a different ALJ conducted a hearing on August 10, 2023 at which Plaintiff and a vocational expert testified. AR 3884-991. The ALJ issued a decision denying benefits on November 27, 2023. AR 3862-78. This action followed.

## II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. *Smith v. Berryhill*, 587 U.S. 471, 474 (2019). The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam).

"Substantial evidence" means "'more than a mere scintilla.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). "It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion.'" *Id.* (citation omitted).  In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence.  When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision.  *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016).

## III.
## DISCUSSION

### A.  Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation and quotation marks omitted).

### B.  The ALJ's Findings

The ALJ found that Plaintiff last met the insured status requirements on December 31, 2017.  AR 3867.  Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[3] the ALJ found that, as of the date last insured, Plaintiff had the severe impairments of alcoholic cirrhosis of the liver; history of colon cancer; fibromyalgia; disc disease of the lumbar spine; rheumatoid arthritis; history of hepatic encephalopathy; peripheral neuropathy; thrombocytopenia; and generalized anxiety disorder.  AR 3867-68.  Plaintiff's impairments did not meet or medically equal the severity of a listed impairment.  AR 3868.

---

[3] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work.  *Lounsburry*, 468 F.3d at 1114.

3

The ALJ found that, through the date last insured, Plaintiff had the residual functional capacity to perform light work except that she could lift/carry 20 pounds occasionally and 10 pounds frequently; sit/stand/walk for six hours in an eight-hour workday; and occasionally climb stairs/ramps, balance, stoop, kneel, crouch, and crawl. Plaintiff was precluded from climbing ladders, ropes and scaffolds; walking on uneven terrain; exposure to hazards; and even moderate exposure to extreme cold and vibration. Plaintiff was limited to simple repetitive tasks with no public interaction and no more than occasional changes in the workplace. AR 3869.

The ALJ determined that, through the date last insured, Plaintiff could not perform any past relevant work. AR 3875. The ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed such as marker, routing clerk, and cleaner/housekeeping. AR 3876-77. Plaintiff, therefore, was not under a disability within the meaning of the Social Security Act from the onset date of September 10, 2012 through the date last insured of December 31, 2017. AR 3877.

C. **Residual Functional Capacity**

The residual functional capacity ("RFC") assessment measures the claimant's capacity to engage in basic work activities. *Bowen v. New York*, 476 U.S. 467, 471 (1986); *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). The RFC is a determination of "'the most [the claimant] can still do despite [the claimant's] limitations." *Treichler v. Comm'r*, 775 F.3d 1090, 1097 (9th Cir. 2014) (citation omitted).

Plaintiff argues that the ALJ gave "significant weight" to the opinions of the consultative examiner, Dr. Campbell, dated October 16, 2017 (AR 3874), yet failed to include all of his restrictions in the RFC assessment. An ALJ is not required to accept or reject the entirety of a medical source opinion. *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989) ("It is not necessary to agree with

everything an expert witness says in order to hold that his testimony contains 'substantial evidence.'" (citation omitted)).

Rather, "the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r*, 807 F.3d 996, 1006 (9th Cir. 2015). Dr. Campbell administered a clinical interview and four psychological tests. AR 1579. Plaintiff was cooperative with good eye contact and established good rapport. Her response times were within normal limits, and her speech was normal and expressive. AR 1579-81. Plaintiff reported that, when she worked, she "got along excellently in the workplace" and, at the time of the examination, "gets along excellently with those people she comes into contact with daily." AR 1581. She is married with two children, and, in the afternoons, she spends time with family and friends. AR 1581. Plaintiff attributed her inability to work to her physical pains. 1580-81. Dr. Campbell opined that Plaintiff was moderately limited in her ability to relate appropriately with supervisors and coworkers but did not explain the basis of this opinion. AR 1584. The ALJ could reasonably infer, from the entire record of the examination, that Plaintiff was not so limited in this area for work involving simple repetitive tasks and no more than occasional changes in the workplace. AR 3875. Although Plaintiff draws contrary inferences, the court must defer to the ALJ when evidence is susceptible to more than one rational interpretation.[4] *Attmore*, 827 F.3d at 875.

Plaintiff further argues that Dr. Campbell opined that she has moderate limitations in concentration, persistence or pace. Dr. Campbell did not include that limitation in his medical source statement. AR 1584. During the interview, mental status examination, and testing, Dr. Campbell observed that Plaintiff's

---

[4] Plaintiff focuses on one portion of the examination when Dr. Campbell asked Plaintiff to perform certain memory tasks, and Plaintiff became "extremely distressed" and said she could not complete them. Dr. Campbell opined that the results of this one portion of the testing were "not considered to be an accurate estimation of her actual functioning." "During other parts of the evaluation where memory was tested, the claimant did not have any significant deficits in attention." AR 1583. Plaintiff's argument that this one episode shows she has difficulty accepting criticism from supervisors in a work setting is quite a stretch.

5

thought process and thought content were within normal limits; she did not exhibit any cognitive delays; she had no deficits in attention; she had adequate concentration for conversation and time-limited assessment tasks; and she had average processing speed and working memory. AR 1582-83. Plaintiff achieved this level of performance despite symptoms of anxiety "at times." AR 1582. Plaintiff has not shown error in the ALJ's interpretation of Dr. Campbell's opinions in the areas of concentration, persistence, or pace. AR 3873-74.

### D. Subjective Allegations

"'An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021) (citation omitted). "At this step, the medical evidence need not corroborate the severity of the alleged symptoms; the medical evidence need only establish that the impairment could reasonably be expected to cause some degree of the alleged symptoms." *Id.*

"Then, provided 'there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Id.* at 1112 (citation omitted). The Ninth Circuit requires that the ALJ "'specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination.'" *Id.* (citation omitted). ""[A]n ALJ cannot be required to believe every allegation of disabling pain, or else disability benefits would be available for the asking.'" *Treichler*, 775 F.3d at 1106 (citation omitted).

Here, Plaintiff alleged disability beginning on September 10, 2012, due to alcoholic liver disease, rheumatoid arthritis, and back pain. AR 47-48, 50-51, 56,

3894-96. She claimed that she suffered from severe pain and stiffness, and, consequently, had to lie down multiple times per day, could stand/walk for only 15 minutes and sit for 45 minutes at a time. AR 3894-95; *see also* AR 236.

The ALJ discounted Plaintiff's subjective symptom testimony because it was not entirely consistent with (1) the objective medical evidence, and (2) her course of treatment. AR 3875. The ALJ's decision, however, failed to sufficiently consider the "chronological fluctuation in [Plaintiff's] symptoms." *Smith*, 14 F.4th at 1112. The record in this case indicates that Plaintiff's symptoms varied, and markedly improved, during the relevant time period between her alleged onset date of September 10, 2012 and her date last insured of December 31, 2017.

From 2012 through October 2015, Plaintiff was drinking heavily, and she began to exhibit signs of liver failure, including low potassium and elevated liver enzymes. AR 372, 383, 386, 445-46, 737, 751, 3853. She was morbidly obese with a body mass index (BMI) over 40, and she complained of lower back and knee pain. AR 379-80, 388, 741, 754. Her rheumatoid arthritis was flaring with a positive rheumatoid factor and an elevated erythrocyte sedimentation rate[5] (ESR), indicating inflammation in her body, and she exhibited synovitis in her joints. AR 381. Her treatment options were limited due to her chronic liver disease, and she was prescribed tramadol for pain. AR 381. In October 2015, she was hospitalized for low potassium, decompensated cirrhotic liver disease, and hepatic encephalopathy. AR 358-59, 361, 371, 818, 1011. Her Maddrey's score[6] was over 32, indicating that her liver disease was significant and that she had a high risk for 30-day mortality. AR 1013, 1044. After her hospitalization, she

---

[5] ESR is a blood test that can show inflammatory activity in the body and can help diagnosis certain conditions, including rheumatoid arthritis. ESR, MedlinePlus, https://medlineplus.gov/ency/article/003638.htm (last visited April 22, 2025).

[6] The Maddrey discriminant function is an established clinical prognostic score for alcohol-associated hepatitis. *What Is the Maddrey Score and Why Does It Matter?*, Healthline, https://www.healthline.com/health/maddrey-score (last visited April 22, 2025).

stopped drinking and subsequently lost 150 pounds. AR 56, 3853. Her liver disease improved, and her rheumatoid arthritis was "stable." AR 715, 3853, 3858.

In rejecting Plaintiff's subjective complaints, the ALJ failed to account for a potential closed period during September 10, 2012 through October 2015, and instead focused on later medical evidence dating after October 2015 when Plaintiff experienced significant improvement in her conditions. For example, the ALJ relied on the opinion of the consultative examining physician Sohail K. Afra M.D. in October 2017. AR 3872. At that time, her liver disease was compensated.[7] AR 1591. Her BMI had dropped to 29, so she was no longer obese. AR 1589. Her physical examination showed no signs of rheumatoid arthritis. AR 1589-91. Although the ALJ's decision to discount Plaintiff's subjective testimony after October 2015 is supported by substantial evidence, the ALJ's findings are not supported for the earlier period.[8] The ALJ therefore erred by "disregarding *all* of [Plaintiff's] testimony, including the portion about [her] early-period incapacity, on the basis of inconsistencies only clearly applicable to the late-period testimony." *Smith*, 14 F.4th at 1113 (holding that ALJ errs by discrediting claimant's testimony "as a whole because of changes over time or inconsistencies relevant only to portions of testimony describing a certain

---

[7] Compensated cirrhosis is a milder form of liver disease that "often doesn't cause noticeable symptoms," while decompensated cirrhosis is "a more advanced form characterized by symptoms of end state liver failure." *What's the Difference Between Compensated and Decompensated Cirrhosis?*, Healthline, https://www.healthline.com/health/compensated-vs-decompensated-cirrhosis (last visited April 22, 2025).

[8] There is no medical opinion in the record regarding Plaintiff's functioning prior to October 2015. The State Agency medical consultants provided the only other medical opinions aside from Dr. Afra's, and those doctors based their opinions primarily on evidence dated after October 2015. *See* AR 83-85, 100-02. The court notes that State Agency medical consultant Dr. Wong, who reviewed the case on reconsideration, recognized the change in Plaintiff's medical conditions. Dr. Wong disagreed with the initial determination by Dr. Ross, who found that Plaintiff was limited to sedentary work, on the ground that Plaintiff's conditions had improved. AR 100. Dr. Wong concluded that, after her conditions improved, Plaintiff could do light work. AR 101-02.

period"); see also *Cailean v. O'Malley*, 2024 WL 4824035, at *1 (9th Cir. 2024) (same).

## IV.
## REMEDY

The decision whether to remand for further proceedings is within the discretion of the district court. *Treichler*, 775 F.3d at 1099. When there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* at 1101. However, where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.*

In this case, the ALJ erred in his assessment of Plaintiff's subjective symptom testimony during the period September 10, 2012 through October 2015. However, even if Plaintiff's subjective testimony were reconsidered during that closed period, the ALJ would be required to determine whether Plaintiff's alcohol use was a contributing factor material to her disability – an issue on which Plaintiff would bear the burden of proof. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007). Given the outstanding issues that need to be addressed, remand is appropriate in this case.

## V.
## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and this matter is remanded for reconsideration of Plaintiff's subjective testimony during the period September 10, 2012 through October 2015, and if appropriate further proceedings as to whether alcohol or substance use was a contributing factor material to any disability.

DATED: July 9, 2025

_____
ALICIA G. ROSENBERG
United States Magistrate Judge